UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHELL DYDERSKI,

    Plaintiff,

v.

FRIMO INC.,

    Defendant.

Case No.

Hon.

_____

Adam M. Taub (P78334)
Joseph X. Michaels (P79084)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
dnacht@nachtlaw.com
ataub@nachtlaw.com
jmichaels@nachtlaw.com

_____

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff, Mitchell Dyderski, by and through his attorneys, NACHTLAW, P.C., hereby alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Mitchell Dyderski, is an individual residing in Whitmore,

Lake, Michigan, which is located in Livingston County.

2. Defendant, Frimo, Inc., is a company with its registered business address in Bloomfield Hills, Michigan, which is located in Oakland County.

3. The events at issue occurred in Wixom, Michigan, which lies in Oakland County and the Eastern District of Michigan.

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

5. Venue is proper in this Court because Defendant obligated itself to Plaintiff within the Eastern District of Michigan, Defendant's registered business address is located within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is a for-profit company that offers a range of products and services related to manufacturing.

7. In or about 2001, Plaintiff's then-employer, Lyon Industries & Design, Inc., merged with Frimo USA, Inc. to form Defendant, Frimo, Inc.

8. At that time, Plaintiff became an employee of Frimo, Inc. as a Designer.

9. At the time of the merger, Defendant paid Plaintiff an hourly rate.

10. Shortly thereafter, however, Defendant began paying Plaintiff on a salary-basis based on a forty-five (45) hour workweek, paid bi-monthly.

11. Despite his job responsibilities not meeting any of the statutory requirements, Defendant classified Plaintiff as salary exempt from the overtime provisions of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

12. Plaintiff's typical work day involved designing tools for use in automotive manufacturing.

13. Plaintiff did not have any managerial duties.

14. Plaintiff's primary duties were not directly related to the management or general business operations of Defendant or its customers. Nor did Plaintiff exercise discretion or independent judgment with respect to matters of significance.

15. Plaintiff was not required to have any specialized degree to be hired into his position, and his position was not in a recognized field of artistic or creative endeavor.

16. Plaintiff holds an Associate's Degree and acquired the skills to perform his job functions through on-the-job training.

17. Plaintiff's salary was under $100,000.

18. Plaintiff regularly work in excess of forty (40) hours per week.

19. In fact, his effective hourly rate was calculated on a basis of forty-five (45) hours of work per week.

20. On or about January 1, 2008, Defendant implemented a policy it called, "Supplemental Banked Overtime Policy."

21. The policy applied to Plaintiff and others in the Design Department who Defendant had classified as salary exempt.

22. The policy was effectively an illegal compensatory time policy.

23. Plaintiff never signed any document agreeing to the policy.

24. The policy worked as follows:

   a. Employees subject to the policy—including Plaintiff—were expected to work at least forty-five (45) hours per week.

   b. If an employee worked in excess of forty-five (45) hours, the employee would receive "bank" time equal to the number of additional hours worked. For example, if an employee worked forty-six (46) in a week, the employee would receive one hour of time in his or her bank.

   c. Bank time could then be used as additional sick and/or vacation time where one hour of bank time was equivalent to one of hour sick and/or vacation time.

   d. If an employee accumulated more than sixty (60) hours in his or her bank, he or she was compensated for each hour in excess of the sixty (60) "banked" hours paid at an effective hourly rate of the employee's salary divided by forty-five (45) hours per week (i.e. yearly salary

divided by fifty-two (52) weeks per year divided by forty-five (45) hours per week). For example, if an employee accumulated sixty-one (61) hours in his or her bank, he or she would receive one hour of pay at the effective hourly rate, and the bank would remain at sixty (60) hours.

e. If an employee worked less than forty-five (45) hours in a week, Defendant would subtract time from the employee's bank equal to the amount of time worked under forty-five (45) hours. For example, if an employee worked forty-four (44) hours in a week, he or she would have one hour subtracted from his or her bank.

f. If an employee's bank reached zero, the bank would become negative if he or she worked under forty-five (45) hours in a week.

g. If an employee's bank exceeded negative sixty (-60) hours, Defendant would take pay from his or her salary based on the effective hourly rate for each hour exceeding sixty negative hours.

h. If an employee quit or was fired with a negative bank, Defendant would deduct the negative hours from the employee's last paycheck at the effective hourly rate.

    i. At the time of separation, if an employee's negative bank was greater than the amount of the employee's last paycheck, Defendant would require the employee to pay the balance in cash.

25. Once Defendant began misclassifying Plaintiff as non-exempt under the FLSA, Plaintiff never received any pay at an overtime rate of time-and-a-half the regular rate of pay.

26. At all times relevant hereto, Defendant knowingly, intentionally, and willfully applied policies to Plaintiff's employment, which violated his rights under the FLSA, 29 U.S.C. § 201 *et seq.*

27. Plaintiff separated his employment on or about January 26, 2018.

## COUNT I
## FAIR LABOR STANDARDS ACT – OVERTIME

28. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

29. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

30. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of the FLSA.

31. In violation of the FLSA, Defendant failed to pay Plaintiff at the federal overtime rate of time and a half his normal rate of pay when working more than 40 hours during a week.

32. Additionally, the above-described "Supplemental Banked Overtime Policy" was a compensatory time policy in violation of the FLSA.

33. Defendant's "Supplemental Banked Overtime Policy" also permitted illegal deductions from Plaintiff's salary, nullifying any overtime exemption applicable to Plaintiff.[1]

34. Defendant engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff at the federal overtime rate of time and a half his normal rate of pay when working more than 40 hours during a week.

35. Defendant knowingly, intentionally, and willfully failed to pay Plaintiff at the federal overtime rate of time and a half their normal rate of pay when working more than 40 hours during a week.

WHEREFORE, Plaintiff entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

---

[1] Plaintiff maintains that he was misclassified as salaried-exempt. This allegation maintains an alternate theory of relief if he is found to have met an FLSA overtime exemption.

## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff Mitchell Dyderski demands judgment against Defendant as follows:

a. Declare the practices and actions of Defendant as illegal under the Fair Labor Standards Act ("FLSA");

b. Back wages at time-and-a-half for all overtime hours worked;

c. Compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled;

d. liquidated damages;

e. An award of interest, costs, and reasonable attorneys' fees; and

f. Whatever other relief this Court finds appropriate.

    Respectfully Submitted,
    NACHTLAW, P.C.

    /s/ Adam M. Taub_____
    Adam M. Taub (P78334)
    Joseph X. Michaels (P79084)
    Attorneys for Plaintiff
    101 N. Main Street, Suite 555
    Ann Arbor, MI 48104
    (734) 663-7550

Dated: February 21, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHELL DYDERSKI,

    Plaintiff,

v.

FRIMO INC.,

    Defendant.

Case No.

Hon.

_____

Adam M. Taub (P78334)
Joseph X. Michaels (P79084)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
dnacht@nachtlaw.com
ataub@nachtlaw.com
jmichaels@nachtlaw.com

_____

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, Mitchell Dyderski, by and through his attorneys, NachtLaw, P.C. and hereby demands for a jury trial in the above-captioned matter for all issues so triable.

        Respectfully Submitted,

        NACHTLAW, P.C.


        /s/ Adam M. Taub_____
        Adam M. Taub (P78334)
        Joseph X. Michaels (P79084)
        Attorneys for Plaintiff
        101 N. Main Street, Suite 555
        Ann Arbor, MI 48104
        (734) 663-7550

Dated: February 21, 2018