## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MITCHELL DYDERSKI,

     Plaintiff,

                                 Case No. 2:18-cv-10621-AJT-RSW

v                                Hon. Arthur J. Tarnow

                                 Mag. R. Steven Whalen

FRIMO, INC.,

     Defendant.

---

DAVID A. NACHT (P47034)       THOMAS J. McGRAW (P48817)
ADAM M. TAUB (P78334)         STACY J. BELISLE (P59246)
JOSEPH X. MICHAELS (P79084)  **McGRAW MORRIS P.C.**
NACHTLAW, P.C.              Attorneys for Defendant
Attorneys for Plaintiff         2075 West Big Beaver Road,
101 N. Main Street, Suite 555    Suite 750
Ann Arbor, MI  48104         Troy, MI  48084
(734) 663-7550               (248) 502-4000
dnacht@nachtlaw.com        tmcgraw@mcgrawmorris.com
ataub@nachtlaw.com          sbelisle@mcgrawmorris.com
jmichaels@nachtlaw.com

---

## DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, RELIANCE ON JURY DEMAND AND CERTIFICATE OF SERVICE

---

## ANSWER TO COMPLAINT

NOW COMES Defendant, FRIMO, INC., by and through its attorneys,

McGRAW MORRIS P.C., and in answer to Plaintiff's Complaint, states as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff, Mitchell Dyderski, is an individual residing in Whitmore, Lake, Michigan, which is located in Livingston County.

**ANSWER:**        Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief, and, therefore, leaves Plaintiff to his proofs.

2.     Defendant, Frimo, Inc., is a company with its registered business address in Bloomfield Hills, Michigan, which is located in Oakland County.

**ANSWER:**        Defendant admits the allegations contained herein.

3.     The events at issue occurred in Wixom, Michigan, which lies in Oakland County and the Eastern District of Michigan.

**ANSWER:**        Defendant admits only that it conducts business in Wixom, Michigan.  As to the remaining allegations contained in this paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and, therefore, leaves Plaintiff to his proofs

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

**ANSWER:**        This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

5.        Venue is proper in this Court because Defendant obligated itself to Plaintiff within the Eastern District of Michigan, Defendant's registered business address is located within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

**ANSWER:**        This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

## **GENERAL ALLEGATIONS**

6.     Defendant is a for-profit company that offers a range of products and services related to manufacturing.

**ANSWER:**     Defendant admits only that it is a Michigan corporation engaged in the design, engineering and production of thermoforming systems and delivery of these systems to Tier One suppliers of automotive original equipment manufacturers.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

7.     In or about 2001, Plaintiff's then-employer, Lyon Industries & Design, Inc., merged with Frimo USA, Inc. to form Defendant, Frimo, Inc.

**ANSWER:**     Defendant admits only that it is a Michigan corporation engaged in the design, engineering and production of thermoforming systems and delivery of these systems to Tier One suppliers of automotive original equipment manufacturers.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither

admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

8.     At that time, Plaintiff became an employee of Frimo, Inc. as a Designer.

**ANSWER:**     Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

9.     At the time of the merger, Defendant paid Plaintiff an hourly rate.

**ANSWER:**     Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

10.     Shortly thereafter, however, Defendant began paying Plaintiff on a salary-basis based on a forty-five (45) hour workweek, paid bi-monthly.

**ANSWER:**     This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

11.     Despite his job responsibilities not meeting any of the statutory requirements, Defendant classified Plaintiff as salary exempt from the overtime provisions of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

**ANSWER:**          This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

12.     Plaintiff's typical work day involved designing tools for use in automotive manufacturing.

**ANSWER:**          Defendant admits only that Plaintiff was employed with Defendant as a tooling designer.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

13.     Plaintiff did not have any managerial duties.

**ANSWER:**        Defendant admits only that Plaintiff was employed with Defendant as a tooling designer. To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue. As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

14.    Plaintiff's primary duties were not directly related to the management or general business operations of Defendant or its customers. Nor did Plaintiff exercise discretion or independent judgment with respect to matters of significance.

**ANSWER:**        Defendant admits only that Plaintiff was employed with Defendant as a tooling designer. To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue. As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

15.    Plaintiff was not required to have any specialized degree to be hired into his position, and his position was not in a recognized field of artistic or creative endeavor.

7

**ANSWER:**          Defendant admits only that Plaintiff was employed with Defendant as a tooling designer.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue. As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

16.    Plaintiff holds an Associate's Degree and acquired the skills to perform his job functions through on-the-job training.

**ANSWER:**          Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

17.    Plaintiff's salary was under $100,000.

**ANSWER:**          Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

18.    Plaintiff regularly work in excess of forty (40) hours per week.

**ANSWER:**          Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

19.     In fact, his effective hourly rate was calculated on a basis of forty-five (45) hours of work per week.

**ANSWER:**     Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

20.     On or about January 1, 2008, Defendant implemented a policy it called, "Supplemental Banked Overtime Policy."

**ANSWER:**     Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

21.     The policy applied to Plaintiff and others in the Design Department who Defendant had classified as salary exempt.

**ANSWER:**     Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

22.     The policy was effectively an illegal compensatory time policy.

**ANSWER:**     This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither

admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

23.     Plaintiff never signed any document agreeing to the policy.

**ANSWER:**          Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

24.     The policy worked as follows:

a.      Employees subject to the policy—including Plaintiff—were expected to work at least forty-five (45) hours per week.

b.      If an employee worked in excess of forty-five (45) hours, the employee would receive "bank" time equal to the number of additional hours worked. For example, if an employee worked forty-six (46) in a week, the employee would receive one hour of time in his or her bank.

c.      Bank time could then be used as additional sick and/or vacation time where one hour of bank time was equivalent to one of hour sick and/or vacation time.

d.      If an employee accumulated more than sixty (60) hours in his or her bank, he or she was compensated for each hour in excess of

the sixty (60) "banked" hours paid at an effective hourly rate of the employee's salary divided by forty-five (45) hours per week (i.e. yearly salary divided by fifty-two (52) weeks per year divided by forty-five (45) hours per week). For example, if an employee accumulated sixty-one (61) hours in his or her bank, he or she would receive one hour of pay at the effective hourly rate, and the bank would remain at sixty (60) hours.

e.   If an employee worked less than forty-five (45) hours in a week, Defendant would subtract time from the employee's bank equal to the amount of time worked under forty-five (45) hours. For example, if an employee worked forty-four (44) hours in a week, he or she would have one hour subtracted from his or her bank.

f.   If an employee's bank reached zero, the bank would become negative if he or she worked under forty-five (45) hours in a week.

g.   If an employee's bank exceeded negative sixty (-60) hours, Defendant would take pay from his or her salary based on the effective hourly rate for each hour exceeding sixty negative hours.

h.   If an employee quit or was fired with a negative bank, Defendant would deduct the negative hours from the employee's last paycheck at the effective hourly rate.

i.   At the time of separation, if an employee's negative bank was greater than the amount of the employee's last paycheck, Defendant would require the employee to pay the balance in cash.

**ANSWER:**   This paragraph and its subparts contain allegations and conclusions of law and thus require no response. To the extent that there are any allegations of wrongdoing or violations of law or regulations asserted in this paragraph and its subparts, such allegations are denied as untrue. As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

25.   Once Defendant began misclassifying Plaintiff as non-exempt under the FLSA, Plaintiff never received any pay at an overtime rate of time-and-a-half the regular rate of pay.

**ANSWER:**   This paragraph contains allegations and conclusions of law and thus requires no response. To the extent that there are any allegations of wrongdoing

or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

26.     At all times relevant hereto, Defendant knowingly, intentionally, and willfully applied policies to Plaintiff's employment, which violated his rights under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER:**         This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

27.     Plaintiff separated his employment on or about January 26, 2018.

**ANSWER:**         Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

## COUNT I
## FAIR LABOR STANDARDS ACT – OVERTIME

28.    Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

**ANSWER:**        This Defendant hereby states by reference each and every answer to paragraphs 1 through 27 of Plaintiff's Complaint as though they were fully set forth herein.

29.    At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

**ANSWER:**        This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

30.    At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of the FLSA.

**ANSWER:**        This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any

14

remaining factual allegations as part of this paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

31.     In violation of the FLSA, Defendant failed to pay Plaintiff at the federal overtime rate of time and a half his normal rate of pay when working more than 40 hours during a week.

**ANSWER:**          This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

32.     Additionally, the above-described "Supplemental Banked Overtime Policy" was a compensatory time policy in violation of the FLSA.

**ANSWER:**          This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

33.     Defendant's "Supplemental Banked Overtime Policy" also permitted illegal deductions from Plaintiff's salary, nullifying any overtime exemption applicable to Plaintiff.[1]

**ANSWER:**          This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

34.     Defendant engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff at the federal overtime rate of time and a half his normal rate of pay when working more than 40 hours during a week.

**ANSWER:**          This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this paragraph, Defendant neither admits nor

---

[1] Plaintiff maintains that he was misclassified as salaried-exempt. This allegation maintains an alternate theory of relief if he is found to have met an FLSA overtime exemption.

denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

35.   Defendant knowingly, intentionally, and willfully failed to pay Plaintiff at the federal overtime rate of time and a half their normal rate of pay when working more than 40 hours during a week.

**ANSWER:**        This paragraph contains allegations and conclusions of law and thus requires no response.  To the extent that there are any allegations of wrongdoing or violations of law or regulations, such allegations are denied as untrue.  As to any remaining factual allegations as part of this compound paragraph, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leaves Plaintiff to his proofs.

**WHEREFORE**, Defendant, FRIMO, INC., respectfully requests this Honorable Court enter an Order of no cause of action as to Defendant, together with costs and attorney fees so wrongfully sustained.

Respectfully submitted,

McGRAW MORRIS P.C.

BY:   s/ STACY J. BELISLE
        THOMAS J. McGRAW (P48817)
        STACY J. BELISLE (P59246)
        Attorneys for Defendant
        2075 W. Big Beaver, Ste. 750
        Troy, MI   48084
        (248) 502-4000
        tmcgraw@mcgrawmorris.com
        sbelisle@mcgrawmorris.com

Dated:  April 30, 2018

## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MITCHELL DYDERSKI,

      Plaintiff,

                                          Case No. 2:18-cv-10621-AJT-RSW

v                                       Hon. Arthur J. Tarnow

                                          Mag. R. Steven Whalen

FRIMO, INC.,

      Defendant.

_____

| | |
|---|---|
| DAVID A. NACHT (P47034) | THOMAS J. McGRAW (P48817) |
| ADAM M. TAUB (P78334) | STACY J. BELISLE (P59246) |
| JOSEPH X. MICHAELS (P79084) | **McGRAW MORRIS P.C.** |
| NACHTLAW, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | 2075 West Big Beaver Road, |
| 101 N. Main Street, Suite 555 | Suite 750 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 663-7550 | (248) 502-4000 |
| dnacht@nachtlaw.com | tmcgraw@mcgrawmorris.com |
| ataub@nachtlaw.com | sbelisle@mcgrawmorris.com |
| jmichaels@nachtlaw.com | |

_____

## <u>RELIANCE ON JURY DEMAND</u>

NOW COMES Defendant, FRIMO, INC., by and through its counsel, McGRAW MORRIS P.C., by STACY J. BELISLE, and hereby states its reliance upon the demand for jury trial previously filed by Plaintiff as to all issues of trial.

Respectfully submitted,

McGRAW MORRIS P.C.

BY:   s/ STACY J. BELISLE
      THOMAS J. McGRAW (P48817)
      STACY J. BELISLE (P59246)
      Attorneys for Defendant
      2075 W. Big Beaver, Ste. 750
      Troy, MI   48084
      (248) 502-4000
      tmcgraw@mcgrawmorris.com
      sbelisle@mcgrawmorris.com

Dated:  April 30, 2018

# UNITED STATE DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MITCHELL DYDERSKI,

      Plaintiff,

                                 Case No. 2:18-cv-10621-AJT-RSW

v                               Hon. Arthur J. Tarnow

                               Mag. R. Steven Whalen

FRIMO, INC.,

      Defendant.

---

| | |
|---|---|
| DAVID A. NACHT (P47034) | THOMAS J. McGRAW (P48817) |
| ADAM M. TAUB (P78334) | STACY J. BELISLE (P59246) |
| JOSEPH X. MICHAELS (P79084) | **McGRAW MORRIS P.C.** |
| NACHTLAW, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | 2075 West Big Beaver Road, |
| 101 N. Main Street, Suite 555 | Suite 750 |
| Ann Arbor, MI  48104 | Troy, MI  48084 |
| (734) 663-7550 | (248) 502-4000 |
| dnacht@nachtlaw.com | tmcgraw@mcgrawmorris.com |
| ataub@nachtlaw.com | sbelisle@mcgrawmorris.com |
| jmichaels@nachtlaw.com | |

---

## <u>AFFIRMATIVE DEFENSES</u>

      NOW COMES Defendant, FRIMO, INC., by and through its counsel, McGRAW MORRIS P.C., asserts the following affirmative defenses:

      1.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2.     Plaintiff's claims, in whole or in part, are barred by the applicable limitations period, contractual limitations period, and/or jurisdictional prerequisites.

3.     Some or all of the claims asserted in Plaintiff's Complaint are barred by equitable doctrines of laches, waiver, estoppel and/or unclean hands.

4.     Plaintiff has failed to comply with his legal duty to mitigate his claimed damages, his entitlement to which is expressly denied.

5.     The claims of Plaintiff are barred, in whole or in part, by his own actions.

6.     With respect to some or all of the claims brought or allegedly brought by Plaintiff, Defendant affirmatively pleads that any acts or omissions which may be found to be in violation of the FLSA occurred in good faith, were based on reasonable factors and were in conformity with relevant laws and regulations.

7.     The damages claimed by Plaintiff are barred to the extent that they are speculative in nature.

8.     The Complaint fails to state a claim for which liquidated damages may be granted.

9.     Plaintiff may not recover some or all of the relief requested in the Complaint because Defendant did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiff, and at all times acted in good faith and with reasonable grounds for

believing it complied with the FLSA, and Plaintiff has failed to plead facts sufficient to support recovery of such damages.

10.     All or part of the time for which Plaintiff seeks compensation is non-compensable under the FLSA and/or 29 USC 254.

11.     Plaintiff's Complaint is barred in whole or in part because some or all of the time for which compensation is sought is *de minimus* and is, therefore, not compensable.

12.     Plaintiff's Complaint is barred in whole or in part because it requests relief which exceeds that available under applicable law.

13.     Plaintiff may not recover liquidated damages and/or prejudgment interest because such relief would amount to a double recovery.

14.     Some or all of the claims in Plaintiff's Complaint are barred by the doctrine of election of remedies.

15.     Plaintiff lacks standing to raise some or all of the claims contained in the Complaint.

16.     With respect to some or all claims brought by Plaintiff, insofar as any action or omission by Defendant may be determined to have been in violation of the FLSA, Defendant did not know or show reckless disregard that its conduct was in violation of the FLSA.

17.     Defendant will show at the time of trial that it was guided by and strictly

observed all legal duties and obligations and that any and all actions of Defendant were careful, prudent, proper and lawful.

18.    Plaintiff has failed to exhaust his administrative remedies.

19.    Plaintiff has failed to join claims that are required to be joined in this action.

20.    Plaintiff has improperly joined his claims in one action.

21.    The claims of Plaintiff are barred the doctrines of res judicata and collateral estoppel.

22.    Plaintiff has waived his rights to pursue the claims set forth in the Complaint.

23.    Defendant will show at the time of trial that Plaintiff was guilty of negligence or willful conduct which contributed to the incidents complained of, and his conduct in this regard was the sole or partial cause of any action or injury complained of, and Plaintiff's recovery should be barred or diminished to the extent of such conduct and the conduct referenced herein includes conduct that Defendant became aware of both before and after Plaintiff's Complaint and incorporates the after-acquired evidence rule.

24.    Plaintiff, as a matter of law, is not entitled to exemplary or punitive damages.

25.    Plaintiff will be unable to demonstrate that he has suffered any injury

or damages whatsoever.

     26.    Defendant reserves the right to amend this Answer, including additional affirmative defenses, upon completion of investigation and discovery of this cause.

          Respectfully submitted,

          McGRAW MORRIS P.C.

BY:   s/ STACY J. BELISLE
       THOMAS J. McGRAW (P48817)
       STACY J. BELISLE (P59246)
       Attorneys for Defendant
       2075 W. Big Beaver, Ste. 750
       Troy, MI   48084
       (248) 502-4000
       tmcgraw@mcgrawmorris.com
       sbelisle@mcgrawmorris.com

Dated:  April 30, 2018

**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


MITCHELL DYDERSKI,

      Plaintiff,

                                 Case No. 2:18-cv-10621-AJT-RSW

v                                Hon. Arthur J. Tarnow

                                 Mag. R. Steven Whalen

FRIMO, INC.,

      Defendant.

---

| | |
|---|---|
| DAVID A. NACHT (P47034) | THOMAS J. McGRAW (P48817) |
| ADAM M. TAUB (P78334) | STACY J. BELISLE (P59246) |
| JOSEPH X. MICHAELS (P79084) | **McGRAW MORRIS P.C.** |
| NACHTLAW, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | 2075 West Big Beaver Road, |
| 101 N. Main Street, Suite 555 | Suite 750 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 663-7550 | (248) 502-4000 |
| dnacht@nachtlaw.com | tmcgraw@mcgrawmorris.com |
| ataub@nachtlaw.com | sbelisle@mcgrawmorris.com |
| jmichaels@nachtlaw.com | |

---

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2018, I caused to be served a copy of the

attached ANSWER TO COMPLAINT, RELIANCE ON JURY DEMAND,

AFFIRMATIVE DEFENSES, AND CERTIFICATE OF SERVICE on behalf of

Defendant, FRIMO, INC., upon counsel of record, DAVID A. NACHT, 101 N.

Main Street, Suite 555, Ann Arbor, MI 48104; ADAM M. TAUB, 101 N. Main

Street, Suite 555, Ann Arbor, MI  48104; JOSEPH X. MICHAELS, 101 N. Main

Street, Suite 555, Ann Arbor, MI  48104, via United States District Court ECF

System on the aforementioned date.

McGRAW MORRIS P.C.

BY:   <u>s/ STACY J. BELISLE</u>
THOMAS J. McGRAW (P48817)
STACY J. BELISLE (P59246)
Attorneys for Defendant
2075 W. Big Beaver, Ste. 750
Troy, MI  48084
(248) 502-4000
tmcgraw@mcgrawmorris.com
sbelisle@mcgrawmorris.com